UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **Shawanna L. Ransom,**  Plaintiff; vs.  **Louisiana Recovery Services, Inc.,**  Defendant | Case No.  **Complaint** |

This is an action for actual damages, statutory damages, attorney's fees and costs, brought by plaintiff Shawanna L. Ransom, an individual consumer as defined by 15 U.S.C. § 1692(a)(3), against defendant Louisiana Recovery Services, Inc. for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## JURISDICTION AND VENUE

1.

Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

2.

Declaratory relief is available pursuant to 28 U.SC. § 2201 and 2202.

3.

Venue in this District is proper in that defendant transacts business here and the conduct complained of occurred within the Middle District of Louisiana.

Complaint
- 1 -

## PARTIES

4.

Plaintiff Shawanna L. Ransom is a natural person, of the full age of majority, residing in East Feliciana Parish, State of Louisiana and is a consumer as defined by 15 U.S.C. § 1692(a)(3).

5.

Defendant Louisiana Recovery Services, Inc. is a corporation established under the laws of the State of Louisiana and purports to be authorized to and doing business in the State of Louisiana.

## FACTUAL ALLEGATIONS

6.

Defendant Louisiana Recovery Services, Inc. is a debt collector as defined by 15 U.S.C. § 1692(a)(6) as its principal business is collecting debts and regularly collects debts owed to another.

7.

At all times pertinent, defendant Louisiana Recovery Services, Inc. purported to be collecting a debt allegedly owed to Gruner Clinic with the last four digits of the account number being 5692.

8.

The alleged indebtedness described in Paragraph 7 is a consumer debt as defined by 15 U.S.C. § 1692(a)(5) as it is for money, goods, insurance, or services primarily for personal, family, or household purposes.

9.

On or about November 9, 2010, plaintiff Shawanna L. Ransom retained the services of Law Offices of Baker & Associates, P.C. ("Baker") in an attempt to resolve issues with consumer debt.

10.

On or about November 9, 2010, Baker informed defendant Louisiana Recovery Services, Inc. that it was retained by plaintiff Shawanna L. Ransom and that all communications regarding the alleged indebtedness described in Paragraph 7 were to go through its law firm.

11.

On two separate occasions: on May 2, 2011 and December 14, 2011, an individual identifying himself as "Ben," employed by defendant Louisiana Recovery Services, Inc., communicated directly with Baker regarding the consumer debt described in Paragraph 7.

12.

On or about November 7, 2012, an individual employed by defendant Louisiana Recovery Services, Inc., initiated telephone communications with plaintiff's grandmother Olivia Harris regarding the consumer debt described in Paragraph 7.

13.

In the telephone conversation described in Paragraph 12 above, plaintiff's grandmother was informed that plaintiff allegedly owed a debt.

14.

On or about November 7, 2012, an individual employed by defendant Louisiana Recovery Services, Inc. also contacted plaintiff regarding the consumer debt described in Paragraph 7.

**CLAIM FOR RELIEF**

Fair Debt Collection Practices Act ("FDCPA")

15.

Plaintiff repeats, realleges, and incorporates by reference the allegations contained in

Paragraphs 1 through 14, as copies here *in extenso*.

16.

Plaintiff avers that, in the course and scope of its communications, defendant Louisiana Recovery Services, Inc. violated the FDCPA. Defendant's violations include, but are not limited to the following:

a) Defendant violated 15 U.S.C. § 1692b(2) in that it informed a third party, plaintiff's grandmother Olivia Harris, that plaintiff owed a debt;

b) Defendant violated 15 U.S.C. § 1692b(6) in that it contacted a third party, plaintiff's grandmother, after having knowledge that plaintiff was represented by an attorney;

c) Defendant violated 15 U.S.C. § 1692c(a)(2) in that it contacted plaintiff after being informed she was represented by an attorney;

d) All other facts proven at the trial of this matter.

17.

The actions of defendant were intentional with the purpose of coercing plaintiff to pay on the consumer debt described in Paragraph 7.

18.

As a result of the above, plaintiff suffered actual damages, such as embarrassment, humiliation, stress, anxiety, and emotional distress, from which she should be compensated in an amount proven at trial.

19.

As a result of the above violations of the FDCPA, the defendants are liable unto plaintiff for actual damages, statutory damages, attorney's fees and costs.

**WHEREFORE,** plaintiff Shawanna L. Ransom prays that judgment be entered against the defendant Louisiana Recovery Services, Inc. as follows:

a) Declaratory judgment that defendant's conduct violated the FDCPA;

b) Actual damages;

c) Statutory damages pursuant to 15 U.S.C. § 1692k;

d) Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k;

e) All other legal and equitable relief the court deems necessary and proper.

Respectfully submitted:

**THE LOUQUE LAW FIRM, L.L.C.**

/s/ Robert M. Louque, Jr.
Robert M. Louque, Jr. (#28662)
700 Camp Street
Suite 212
New Orleans, Louisiana 70130
Telephone:  (504) 324-2807
Facsimile:  (504) 265-9328
Email:   robert@louquelaw.com
Attorney for Plaintiff Shawanna L. Ransom